John H. Bailey and George B. Storm *v.* Seba Murphy, John J. De Graff *et al.*

A bank may take a mortgage for a debt *due* to it, with *seven* per cent interest, (that being the legal rate of interest,) notwithstanding it is prohibited by its charter from taking "more than *six* per cent per annum in advance, on its *loans or discounts.*"

Bill to foreclose a mortgage.

The bill states that Murphy, on May 1st, 1839, *became and was justly indebted* to the Bank of River Raisin, in the sum of $1,200, and that, to secure the same, he on that day executed a bond and mortgage to the bank, in the penal sum of $2,400, conditioned for the payment of $1,200 in one year, with interest at the rate of *seven* per cent per annum. That the bond and mortgage were given to the bank as security for a debt *previously contracted*, in the regular course of business. That, November 20th, 1839, the bank assigned the bond and mortgage to Robert McClelland, who "afterwards to wit on 25 *February* 1839," assigned the same to complainants. De Graff demurred to the bill.

*T. Romeyn*, in support of the demurrer.

*A. D. Fraser*, contra.

The Chancellor. The mortgage was executed to the President, Directors and Company of the Bank of River Raisin. The nineteenth section of the charter of the bank is in these words: "That the said corporation shall not take more than six per centum in advance, on its *loans or discounts.*" The mortgage is conditioned for the payment of seven per cent interest; and it is insisted the bank, by the aforesaid nineteenth section of its charter, is prohibit-

ed from making such a contract, and that the mortgage for that reason is null and void. *The Bank of Chillicothe* v. *Swayne et al.*, 8 *Ohio R.* 285, is cited in support of the proposition. That was a clear case of discount. In the present case the mortgage was given to secure a pre-existing debt due to the bank, and not for a loan or discount, on which only six per cent interest could be taken.

A loan or discount is an advance of money to be repaid at a future day. When the interest is taken in advance, it is a discount; but when it is to be paid at the expiration of the credit, or quarterly, or yearly, where an extended credit is given, it is a loan. A mortgage for a pre-existing debt is neither a loan nor a discount. It wants the chief ingredient of a loan or discount, viz. an advance of money.

The nineteenth section of the charter extends to loans and discounts only. In regard to all other contracts relating to interest, the bank stands on an equality with individuals. By the ninth section, it may take real estate in payment of debts previously contracted in the course of its dealings, or purchase it at sales on judgments obtained for such debts. There can be no doubt of its right to sell the real estate so acquired, and to take a mortgage for the whole or part of the purchase money, payable at a future day, with seven per cent interest, that being the legal rate of interest. It would not be a discount or loan, and there is nothing in the charter prohibiting it. In an action on a note discounted by the bank, it may recover, as damages, the legal rate of interest, although by its charter it is limited to a less per centum on loans and discounts. It was so decided in the case of *The United States Bank* v. *Chapin*, 9 *Wend. R.* 471. It is the law, and not the contract, that gives the right to legal interest in such a case, after a breach of the contract. The loan, by the terms of the

contract, is at an end; and the money is detained against the will of the party advancing it. I see no reason, therefore, why a bank, in such circumstances, may not give time, and take security for both principal and interest, when the sole object perhaps, in giving time, is to obtain security for the debt. Had the legislature intended to restrict the bank to six per cent interest, in all cases, it is but reasonable to presume they would have used more appropriate terms than the words "loans or discounts" to express their intention.

Another objection urged by defendant is, that complainants claim under an assignment executed by R. McClelland, in February, 1839, of a mortgage executed in May, 1839. The bill states the bank assigned to McClelland November 20th, 1839, and that McClelland "*afterwards,* to wit, on 25th February, 1839," assigned to complainants. It then stated that the assignment was acknowledged by McClelland on 25th February, 1841. The year 1839 is undoubtedly a clerical error, and should be 1841. The bill, however, is sufficient, for it states McClelland assigned to complainants *after* the bank had assigned to him, and the year 1839 may be rejected as surplusage.

Demurrer overruled.